IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

JONATHAN E. HARLESTON                                                                          PLAINTIFF


v.                          Civil No. 2:22-cv-02158-MEF


KILOLO KIJAKAZI, Acting Commissioner,
Social Security Administration                                                                 DEFENDANT


**MEMORANDUM OPINION AND ORDER**

Pending now before this Court is Plaintiff's motion for attorney's fees and costs under 28 U.S.C. § 2412, the Equal Access to Justice Act (hereinafter "EAJA"). (ECF Nos. 17, 18). On April 4, 2023, Plaintiff filed said motion, requesting $2,145.30, representing: a total of 10.05 attorney hours for work performed in 2022 and 2023 at an hourly rate of $206.00, and 1.00 paralegal hours at an hourly rate of $75.00. (ECF No. 18-2). On April 18, 2013, the Commissioner filed a response objecting to the amount of time requested for the preparation of the Plaintiff's Complaint. (ECF No. 193).

I.      Discussion

The Court finds that the Plaintiff is entitled to a fee award in this case, as he is the prevailing party, the government's decision to deny benefits was not "substantially justified," the hourly rate requested for attorney time and hours does not exceed the CPI for either year in question, and the time asserted to have been spent in the representation of the Plaintiff before the district court is reasonable, with a reduction in hours as indicated below. *See Jackson v. Bowen*, 807 F.2d 127, 128 (8th Cir. 1986) (burden is on the Commissioner to show substantial justification for the government's denial of benefits); *Johnson v. Sullivan*, 919 F.2d 503 (8th Cir. 1990) (the hourly

rate may be increased when there is "uncontested proof of an increase in the cost of living sufficient to justify hourly attorney's fees of more than $75.00 an hour); and, *Hensley v. Eckerhart*, 461 U.S. 424, 430 (1983) (in determining reasonableness, court looks at time and labor required; the difficulty of questions involved; the skill required to handle the problems presented; the attorney's experience, ability, and reputation; the benefits resulting to the client from the services; the customary fee for similar services; the contingency or certainty of compensation; the results obtained; and, the amount involved).

Plaintiff has, however, requested compensation for a total of 2.75 hours on October 3, 2022, for preparing his Complaint. We agree that the time requested for the completion of this task is excessive. As posited by the Defendant, the Complaint is a standard two-page document filed in every social security case and should have taken counsel no more than .50 attorney hours to prepare. *See Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983); *see also Blum v. Stenson*, 465 U.S. 886, 897 (1984) (holding the party requesting EAJA fees has the burden of "showing that the claimed rate and number of hours are reasonable"). Accordingly, we will reduce the total number of attorney hours awarded by 2.25 attorney hours.

Accordingly, Plaintiff is entitled to an attorney's fee award under EAJA in the amount of $1,681.80 ((7.80 X $206.00) + (1.00 X $75.00)).

Pursuant to *Astrue v. Ratliff*, 560 U.S. 586, 596 (2010), the EAJA fee award should be made payable to Plaintiff; however, as a matter of practice, an EAJA fee made payable to Plaintiff may properly be mailed to Plaintiff's counsel.

The parties are reminded that, to prevent double recovery by counsel for the Plaintiff, the award herein under the EAJA will be considered at such time as a reasonable fee is determined pursuant to 42 U.S.C. § 406.

## II. Conclusion

Based upon the foregoing, Plaintiff is awarded the sum of **$1,681.80** for attorney's fees pursuant to the EAJA, 28 U.S.C. § 2412.

Dated this 31st day of May 2023.

/s/ Mark E. Ford
HONORABLE MARK E. FORD
CHIEF UNITED STATES MAGISTRATE JUDGE